# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT CHAMBERS,<br>No. B94665,<br><br>   Plaintiff,<br><br>vs.<br><br>HOWARD HARNER, and<br>RICHARD HARRINGTON,<br><br>   Defendants. | Case No. 13-cv-01144-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Scott Chambers, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the denial of a religious diet and certain religious reading materials.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard

that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, in August 2013 Plaintiff, who is an African Hebrew Israelite, submitted a request to Chaplain Howard Harner for certain religious reading materials: The Mosses Laws; Ten Commandments; and Kosher Diet Guidelines. In keeping with his religious beliefs, Plaintiff also submitted a request for a kosher diet and certain herbs. He subsequently filed two grievances when his dietary request was denied, but he never received a response to his grievances.

Plaintiff submitted several more grievances to Chaplain Harner and Warden Richard Harrington seeking the religious reading materials and kosher diet, to no avail. Plaintiff did receive a religious diet request form from Chaplain Harner, which Plaintiff completed and submitted on October 10, 2013. Chaplain Harner and Warden Harrington both signed the response denying Plaintiff's request for a kosher diet, noting "Per IDOC Chaplaincy Handbook, vegan is the religious diet of [the] African Hebrew Israelite faith." (Doc. 1, p. 10). A subsequent grievance went unanswered. Because Plaintiff can eat only the kosher items in the regular meal plan, he cannot maintain his weight.

Plaintiff attributes the denial of a kosher diet and religious reading materials to racial animus and a conspiracy. Inmate Widmer, a Caucasian, submitted an identical request form seeking a kosher diet (both citing their African Hebrew Israelite religion and half-Jewish mothers), but Widmer's request was granted. Plaintiff notes that he is African American, while Chaplain Harner, Warden Harrington and inmate Widmer are Caucasian. As evidence of a conspiracy, Plaintiff also cites unspecified racial remarks made by Warden Harrington to inmate Herrera, as alleged in *Herrera v. Harrington*, a case purportedly filed in this judicial district.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: Defendants Chaplain Harner and Warden Harrington, individually or in conspiracy, denied Plaintiff a kosher diet and religious reading materials in violation of the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act (42 U.S.C. § 2000cc-1(a)); and**

**Count 2: Defendants Chaplain Harner and Warden Harrington, individually or in conspiracy, denied Plaintiff Chambers the equal protection of the law guaranteed under the Fourteenth Amendment when they treated his request for a kosher diet differently than an identical request submitted by a Caucasian inmate.**

In Count 1, the Court has added a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA")), essentially mirroring the First Amendment free exercise claim. *See Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012) (advising courts to interpret First Amendment free exercise claims filed by pro se plaintiffs as including a RLUIPA claim).

The Court has not recognized a separate claim regarding Defendant's failure to respond to Plaintiff's multiple grievances because such a failure is not an independent constitutional violation. *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011). The Court perceives that this remark was made relevant to Plaintiff's efforts to exhaust administrative remedies prior to filing suit, as required under 42 U.S.C. 1997e(a).

Although it is asserted in the complaint that the defendants also violated "several articles of the Illinois constitution," no supplemental state law claims are recognized because the Court cannot merely guess which provisions Plaintiff is contemplating.

Also, no claim is recognized regarding Plaintiff's assertion that Chaplain Harner committed perjury in another case when Harner testified that he makes rounds in segregation once per week, when Harner has never made rounds. Plaintiff lacks standing to assert such a claim, which is not a constitutional violation actionable under Section 1983. The Court perceives that this assertion was made merely to illustrate that Harner is not to be believed.

Plaintiff is free to move to file an amended complaint asserting any claims that the Court has failed to recognize in his *pro se* pleading. *See* Fed.R.Civ.P. 15; S.D.Ill. Local Rule 15.

**Discussion**

**Count 1**

The Free Exercise Clause of the First Amendment forbids prison officials from imposing a substantial burden upon the free exercise of religion, unless the burden is reasonably related to a legitimate penological interest. *Kaufamn v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). RLUIPA also applies a "substantial burden" standard, but requires that the burden be the least restrictive means serving a compelling governmental interest. *Id*. Prison officials are not the religious police, determining orthodoxy and apostasy. *See Korte v. Sebelius*, __F.3d__, 2013 WL 5960692 at * 16, *22-23 (7th Cir. Nov. 8, 2013); *Reed v. Faulkner*, 842 F.3d 960, 963 (7th Cir. 1988). Thus, the complaint generally states colorable First Amendment and RLUIPA claims.

The allegations of conspiracy, however, are conclusory and insufficient under the *Twombly* pleading standard. "To establish [Section] 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights; and (2) those individual(s) were willful participant[s] in joint activity with the State or its agents." *Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003) (internal citation and quotation marks omitted); *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007). The complaint does not describe a meeting of the minds; rather, all Plaintiff offers is the fact that both Chaplain Harner and Warden Harrington concluded that Plaintiff was not entitled to a kosher diet. For these reasons, the conspiracy aspect of Count 1 must be dismissed without prejudice, Count 1 shall otherwise proceed.

**Count 2**

Count 2 presents an equal protection claim under the Fourteenth Amendment, based on the perceived different treatment afforded Plaintiff, who is African American, and inmate Wider, who is Caucasian. The Equal Protection Clause forbids a state to "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. As a general matter, a "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), cert. denied, 484 U.S. 935 (1987) (citing *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982)).

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action. A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation. Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences. It implies that a decision[-]maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996) (quoting *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982)).

The difference in treatment between Plaintiff and inmate Widmer forms the basis for a colorable equal protection claim—at least raising questions that preclude dismissal of Count 2 at this early juncture. However, as with Count 1, Plaintiff's allegation of a conspiracy is conclusory and will be dismissed without prejudice. Count 2 shall otherwise proceed.

**Disposition**

**IT IS HEREBY ORDERED** that the conspiracy claims within **COUNTS 1 and 2** are **DISMISSED** without prejudice; **COUNTS 1 and 2** shall otherwise proceed against Defendants **HARNER** and **HARRINGTON**.

The Clerk of Court shall prepare for Defendants **HARNER** and **HARRINGTON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.

Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 3, 2013**

                s/ *Michael J. Reagan*
                **MICHAEL J. REAGAN**
                **UNITED STATES DISTRICT JUDGE**